IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  10-cv-02565-WYD-MEH

TIFFANY NGUYEN,

      Plaintiff,

v.

TEXAS UNION, LLC;
EXPERIAN INFORMATION SOLUTIONS, INC.;
BANKERS LIFE AND CASUALTY COMPANY; and
STUART ALLAN & ASSOCIATES, INC.,

      Defendants.

---

**ORDER OF REMAND**

---

      THIS MATTER is before the Court on the Notice of Removal [ECF No. 1], filed

October 20, 2010.  By way of background, this is a civil action filed by Plaintiff Tiffany

Nguyen seeking damages for alleged negligence and defamation under Colorado law

and alleged violations of the Colorado Consumer Credit Reporting Act.

      On October 20, 2010, Defendant Stuart Allan & Associates, Inc. filed a Notice of

Removal asserting that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(1).

Defendant asserted therein that the amount in controversy requirement was satisfied.

Further, Defendant asserted that at all relevant times, the Plaintiff was a resident of

Colorado while Defendant Trans Union LLC is a Delaware corporation with its principal

place of business in Illinois; Defendant Experian Information Solutions, Inc. is an Ohio

corporation with its principal place of business in California; Defendant Bankers Life and

Casualty Company is an Illinois corporation with its principal place of business in Illinois; and Defendant Stuart Allan & Associates, Inc. is an Arizona corporation with its principal place of business in Arizona.

After carefully reviewing the pleadings, I find that this case must be remanded based on the failure of the Defendant to show that the amount in controversy is satisfied.  The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  If the jurisdictional amount is not shown by the allegations of the complaint, "[t]he burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000].'" *Laughlin*, 50 F.3d at 873 (quotation omitted).  In other words, the amount in controversy must be affirmatively established on the face of either the petition or the notice of removal.  *Id*.  The removal statute is construed narrowly.  *Martin*, 251 F.3d at 1289.

In this case, the allegations of the complaint do not show that the amount in controversy exceeds $75,000 as required to establish diversity jurisdiction.  28 U.S.C. § 1332(a)(1).  As such, I turn to the Notice of Removal.  The Notice of Removal references the civil cover sheet filed in state court contemporaneously with the complaint. The notice represents that "the matter in controversy exceeds the sum or value of seventy five thousand dollars ($75,000), inasmuch as the plaintiff declared in her civil cover sheet filed in the State Court Action that she was seeking a monetary

judgement for more than one hundred thousand dollars ($100,000) against another party." (Notice of Removal at 3.)  That is the only allegation in the Notice of Removal regarding the amount in controversy.

I find that the Notice of Removal and the reference therein to the civil cover sheet filed in state court are not sufficient to establish that the jurisdictional amount is satisfied.  A number of cases from this Court have held that reliance solely on the civil cover sheet filed in state court to establish the jurisdictional amount is insufficient, and I incorporate their reasoning herein.  *See Baker v. Sears Holding Corp.*, No. 07-cv-01106-MSK-MEH, 2007 WL 2908434 at * 3-4 (D. Colo. 2007);  *Ralph v. SNE Enterprises, Inc.*, No. 07-cv-01163-WDM-MJW, 2007 WL 1810534 at *1 (D. Colo. 2007); *Hardin v. Sentinel Ins. Co., Ltd.*, 490 F. Supp. 2d 1134, 1135-36 (D. Colo. 2007); *Bishelli v. State Farm Mut. Automobile Ins. Co.*, No. 07-cv-00385-WYD-MEH, 2007 WL 1455852 at *3 (D. Colo. 2007); *Dean v. Illinois Nat. Ins. Co.,* 07-cv-01030-MSK-MJW, 2007 WL 2937014 at *1 (D. Colo. 2007).

Guided by the strong presumption against removal of civil actions to federal court based on diversity jurisdiction and the fact that it appears that the Court lacks subject matter jurisdiction over this action, I find that this matter must be remanded to the State Court.  *See* 28 U.S.C. § 1447(c).  Accordingly, it is

ORDERED that the Clerk of Court is directed to **REMAND** this action to the Eighteenth Judicial District Court, County of Elbert, from which the case was removed.

Dated:  October 26, 2010

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge